UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIONTAY CASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02754-TWP-DML |
| | ) | |
| MARK SEVIER, | ) | |
| K. MARTIN, | ) | |
| FISHER, | ) | |
| MEYERS, | ) | |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Kiontay Cason ("Mr. Cason") is a prisoner currently incarcerated at Westville Correctional Facility. He was previously housed at New Castle Correctional Facility. Mr. Cason filed this civil rights action alleging various New Castle officials violated his constitutional rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). Before the Court screened Mr. Cason's complaint, he filed an amended complaint, dkt. [13], which is now the operative complaint.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Cason has sued five defendants: Commissioner Robert Carter, Warden Mark Sevier, Officer K. Martin, Officer Fisher, and Officer Meyers. The complaint makes the following allegations.

In May 2020, while in restricted housing, Mr. Cason was handcuffed and escorted to the shower area. While Mr. Cason was being escorted, Officer Meyers opened more doors than she was supposed to, which allowed another inmate to escape and begin attacking Mr. Cason.

Officer Fisher arrived and began spraying Mr. Cason with OC spray. Officer Fisher believed Mr. Cason to be the aggressor. He placed a knee on the back of Mr. Cason's neck and pinned him down while the other inmate continued to assault Mr. Cason. As a result of the attack, Mr. Cason suffered head trauma and permanent swelling and nerve damage.

Mr. Cason contends Officer Meyers was not properly trained on how to use the door system. He asserts Officer Fisher knew this but never notified K. Martin, who was assigned to provide safety to all the inmates in restricted housing. Finally, Mr. Cason contends Officer Fisher conspired to set him up because he had previously used racial slurs.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while one of Mr. Cason's claims shall proceed as submitted.

First, Mr. Cason has failed to state a claim against Commissioner Robert Carter and Warden Sevier. There are no allegations directed toward these defendants, and so Mr. Cason has not plausibly alleged either could be liable under section 1983. *Johnson v. Rimmer*, 936 F.3d 695, 710 (7th Cir. 2019) ("In an action under § 1983, the plaintiff must establish individual liability . . . Thus, [the plaintiff] must be able to establish [the defendant's] personal involvement in the alleged constitutional deprivation.") (cleaned up); *see also Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure subordinates carry out their tasks correctly.") These claims shall be **dismissed**.

Second, Mr. Cason's injunctive relief claim is moot since he is no longer at New Castle Correctional Facility. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (holing inmate's claims for declaratory and injunctive relief became moot after he was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (internal quotations omitted). This claim is **dismissed**

Third, Mr. Cason has failed to state a claim against Officer Meyer and K. Martin. There are no allegations that plausibly suggest either one was deliberately indifferent. While Mr. Cason alleges Officer Meyer opened the wrong doors, he contends it was because she was not trained on how to use the system. And although he alleges K. Martin was assigned to watch the safety of

those in restricted housing, Mr. Cason alleges Officer Fisher never informed him that Officer Meyer was improperly trained. These allegations fall well short of suggesting either one consciously disregarded a known risk. *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) ("A prison official acts with deliberate indifference only when he actually knows of and disregards a substantial risk of harm.") (cleaned up); *see also Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) ("It is vital to keep negligence and deliberate indifference apart."). These claims are therefore **dismissed**.

Finally, Mr. Cason has stated a claim against Officer Fisher. He alleges Officer Fisher gratuitously sprayed him with OC Spray and then pinned his neck down while another offender assaulted him. These allegations plausibly allege Officer Fisher violated Mr. Cason's right to be free from excessive force in violation of the Eighth Amendment. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("The unnecessary and wanton infliction of pain on a prisoner violates his rights under the Eighth Amendment."); *accord McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2018); *see also Lee v. James*, No. 21-1114, 2021 WL 3197514, at *2 (7th Cir. July 29, 2021) ("To reach a jury on [] excessive-force claims, [a plaintiff] need[s] to submit evidence that the guards' actions were malicious attempts to inflict suffering rather than good-faith efforts to restore discipline.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 1, 2022,** in which to identify those claims.

The **clerk is directed** to terminate Commissioner Robert Carter, Warden Mark Sevier, Officer K. Martin, and Officer Meyers as defendants on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Fisher in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on January 18, 2022 , dkt [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 8/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KIONTAY CASON
251273
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Officer Fisher
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47632