UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIONTAY CASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02754-TWP-KMB |
| | ) |
| FISHER[1] Officer, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant David Fisher's ("Officer Fisher") Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. 91). Plaintiff Kiontay Cason ("Mr. Cason") initiated this action alleging that Officer Fisher used excessive force against him. Mr. Carson did not respond to the motion, and the time to do so has expired.[2] For the reasons below, the Motion is **granted**.

I.   **STANDARD OF REVIEW**

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir.

---

[1] Defendant's first name is David, (*see* Dkts. 55, 93-1); in the interest of a complete record, the **Clerk is directed** to correct Defendant's name on the docket.

[2] Mr. Carson was granted an extension of time up to and including February 12, 2024, to file his response to Defendant's pending summary judgment motion. (Dkt. 109). To date nothing has been filed.

2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Cason failed to respond to the summary judgment motion. The Court declines to *sua sponte* consider the verified complaint as evidence for purposes of summary judgment consistent with Local Rule 56-1(h). *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (district judges may strictly enforce local summary-judgment rules). Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.   FACTUAL BACKGROUND

Because Officer Fisher has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Cason, the non-moving party and draws all reasonable inferences in his favor.  *Khungar*, 985 F.3d at 572–73.

At all times relevant to this matter, Mr. Cason was an Indiana Department of Correction inmate housed at New Castle Correctional Facility, and Officer Fisher was a correctional officer at New Castle.  (Dkts. 26 at 2, 93-1 at 1.)  In May 2020, while in restricted housing, Mr. Cason was handcuffed and escorted to the shower area.  While Mr. Cason was being escorted, Officer Meyers opened more doors than she was supposed to, which allowed another inmate to escape and begin attacking Mr. Cason.  Officer Fisher arrived and began spraying Mr. Cason with OC spray. (Dkt. 26 at 2.)  Officer Fisher gratuitously sprayed him with OC spray and then pinned his neck down while another inmate assaulted him.  *Id*. at 4.  As a result of the attack, Mr. Cason suffered head trauma and permanent swelling and nerve damage.  *Id*. at 2.

Officer Fisher denies these allegations.  He submitted an affidavit in support of his motion for summary judgment, (Dkt. 93-1).  Because Mr. Cason did not respond to the summary judgment motion, Officer Fisher's statements are accepted as true.[3]  In his affidavit, he testifies that on May 26, 2020, Mr. Cason was attacked by another inmate, Mr. Johnston, while Mr. Cason was being escorted to the showers.  *Id.* at 1-2.  Approximately one minute prior to the attack, Officer Fisher was speaking with Mr. Johnston through what he believed was his locked cell door.  *Id.* at 2.  As he was walking down the stairs after leaving Mr. Johnston, he noticed Mr. Cason being escorted

---

[3] The Court has reviewed the security video footage of the incident.  *See* Dkt. 96.  While the quality of the video is poor - it is two and a half minutes long, has no audio, is low resolution, rotates between multiple camera views that appear to overlap in timing, often has static glitches when the view changes, and there is a large white column blocking a portion of the altercation – it does not appear to contradict Officer Fisher's testimony.  *See McCottrell v. White,* 933 F.3d 651, 661 n.9 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)); S.D. Ind. L.R. 56-1(f).

past Mr. Johnston's door while handcuffed and dressed in only his boxers. *Id.* Officer Fisher knew the two had fought days prior, *id*. at 1, and when he heard Mr. Johnston's cell door open, he saw Mr. Johnston begin to attack Mr. Cason. *Id.* at 2. Officer Fisher immediately called for backup and rushed to assist Officer Morey, the officer escorting Mr. Cason. *Id*. Officer Morey was using OC spray on Mr. Johnston in an attempt to break up the fight. *Id.* After his order to cease fighting was ignored, Officer Fisher also began using his OC spray on Mr. Johnston. *Id.* Mr. Johnston was on top of Mr. Cason during this time, so Mr. Cason was also affected by the OC spray. *Id.* 2-3.

Additional officers then responded to the request for backup. *Id.* at 3. Some also used OC spray in an attempt to stop the fight. *Id.* One officer physically placed herself between Mr. Johnston and Mr. Cason, which allowed Officers Fisher and Morey to handcuff Mr. Johnston while other officers assisted Mr. Cason. *Id.* After the altercation, Mr. Cason was allowed to wash off the OC spray. *Id.* He was then taken to medical, where staff noted he had redness to his right-side temple. *Id*. at 4. Officer Fisher never physically touched Mr. Cason during or after the altercation. *Id.* at 3.

### III.   DISCUSSION

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). While some force is permissible if used "in a good-faith effort to maintain or restore discipline," malicious or sadistic force, even if *de minimis*, is prohibited. *Id.* at 664 (cleaned up). The standard is subjective, *Lewis v. Downey,* 581 F.3d 467, 476 (7th. Cir 2009), and to distinguish between good-faith and malicious force, courts consider several factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts

4

made to temper the severity of a forceful response.

*McCottrell,* 933 F.3d at 663; *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986).

It is not cruel and unusual punishment to use chemical sprays "when reasonably necessary … to subdue recalcitrant prisoners. *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010); *see also Kervin v. Barnes*, 144 Fed. App'x 551, 552 (7th Cir. 2005) ("This court has held that prison guards may use chemical sprays when reasonably necessary to subdue recalcitrant prisoners, for orders must be obeyed, and there are only so many choices available to correctional officers when inmates refuse."). Further, courts afford great deference to prison officials in determining when the use of force is necessary. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("The responsible institutional personnel on the spot are in a better position to determine when [OC spray] is necessary than the courts. Clearly, the use of a chemical agent in dangerous quantities is justified only in narrowly defined circumstances but the use of nondangerous quantities of the substance in order to prevent a perceived future danger does not violate 'evolving standards of decency' or constitute an 'unnecessary and wanton infliction of pain.'").

Here, it is undisputed that there was a need for force and a threat to Mr. Cason's safety as Mr. Johnston was actively attacking him. The video shows that Officer Morey physically attempted to stop the fight prior to any officer administering OC spray, and the undisputed facts are that Officer Fisher ordered Mr. Johnston and Mr. Cason to stop fighting prior to using his OC spray. Further, at the time Officer Fisher arrived at the altercation, Officer Morey was already using his OC spray in an attempt to stop the attack, but Mr. Johnston persisted. It was not until additional staff members arrived that Mr. Johnston was brought to the ground and restrained. It is unclear what more Officer Fisher could have done to stop Mr. Johnston's attack without risking serious injury to Mr. Cason. While the Court is sympathetic that Mr. Cason was also exposed to

5

the effects of the OC spray when he was the victim of the attack, there is no evidence that Officer Fisher was trying to do anything other than use the OC spray on Mr. Johnston in order to stop the attack. Mr. Cason also has not designated any evidence supporting his claim that Officer Fisher placed a knee on his neck.

Thus, as the record does not support "a reliable inference of wantonness in the infliction of pain" by Officer Fisher while he was attempting to stop the attack on Mr. Cason, he is entitled to summary judgment. *Whitley*, 475 U.S. at 322; s*ee also Outlaw v. Newkirk,* 259 F.3d 833, 839 (7th Cir. 2001) ("[T]he minor nature of [Plaintiff]'s injuries strongly suggests that the force applied by [Defendants] was *de minimis*.").

## IV.   CONCLUSION

For the reasons explained above, Officer Fisher's Motion for Summary Judgment, Dkt. [91], is **GRANTED**. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 8/5/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kiontay Cason, #251273
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com